## Teresa Scola and Beatrice Scola, Defendants in Error, v. Luigi Scola, Plaintiff in Error.

### Gen. No. 20,482.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed June 17, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action in attachment by Teresa and Beatrice Scola against Luigi Scola. From a judgment for plaintiff, defendant appeals.

On the next day after this judgment was entered, the defendant appeared in court by counsel and moved to vacate the judgment, and it was then ordered that the judgment be opened, and that leave be given to the defendant "to make his defense," the judgment to stand as security. At the same time, on defendant's motion, it was ordered, "that the plaintiffs file a statement of claim herein" within five days. In response to this rule, the plaintiffs filed a "bill of particulars," stating, in substance, that the "amount claimed by them was for money earned by one of the plaintiffs, Beatrice Scola, and her sister," which money was "handed by plaintiffs to their mother, Teresa Scola, every week or every pay day for safe-keeping;" that said Teresa Scola kept it on her person until she became paralyzed, "about two years ago," when it was decided to place the money in a safe deposit vault, of which the defendant, who is the husband of Teresa Scola, "kept the keys;" that said defendant has been unable to work for twelve years, and has been supported by his daughters; that on April 14, 1913, defendant went to the safe deposit box and took the money, "which was the property of his daughters," amounting to $2,500, and, without the knowledge of his family, deposited $1,900 thereof with Parisi, with instructions to send it to Italy, forwarded $300 himself to Italy, and used the remainder to buy his steamship ticket to Italy, and "for exchange into Italian currency;" that after defendant's departure, "*plaintiffs* learned about his scheme, and notified Mr. Parisi that the money which he had in his possession was *their* money," and that they would hold him liable for the same.

BROWN & NAVIGATO, for plaintiff in error.

Scola et al. v. Scola, 194 Ill. App. 336.

CAIROLI GIGLIOTTI, for defendants in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. PLEADING, § 334*—*when bill of particulars not a pleading.* A bill of particulars, not attached to a declaration or statement of a claim, but filed afterwards in compliance with a rule entered upon the plaintiffs to file such a bill, is not a pleading.

2. APPEAL AND ERROR, § 747*—*when bill of particulars not part of record.* A bill of particulars filed in compliance with a rule to file such bill, and not mentioned in a bill of exceptions, is not a part of the record.

3. APPEAL AND ERROR, § 1593*—*when statement of claim cured by finding and judgment.* Where no objection to a statement of claim is made until after judgment, and such statement of claim contains terms sufficiently general to include, by fair and reasonable intendment, any matter necessary to be proved, and without proof of which no finding or judgment could have been entered, the want of an express averment of such matter in the pleading is cured by the finding and judgment.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim sufficient.* A statement of claim in attachment action *held* to contain terms sufficiently general to include, by fair and reasonable intendment, an averment that the money taken by the defendant belonged to the plaintiffs at the time of suit.

5. APPEAL AND ERROR, § 1303*—*when evidence presumed to sustain judgment.* In the absence of any bill of exceptions containing the evidence heard by the trial court, it will be presumed, upon appeal or error, that the evidence was sufficient to sustain the judgment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.